**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                  CASE NO. 08-11165-BKC-RAM

JET NETWORK, LLC,                                          CHAPTER 7

    Debtor.
_____/

**TRUSTEE'S MOTION FOR ORDER TO SHOW CAUSE AS TO WHY JUDGMENT DEBTOR PAUL A. SVENSEN, JR. SHOULD NOT BE HELD IN CONTEMPT OF COURTFOR HIS FAILURE TO COMPLY WITH THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER [ECF No. 916]**

Alan L. Goldberg (the "Trustee"), the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Jet Network, LLC ("Debtor"), by and through undersigned counsel, moves the Court for the entry of an Order to show cause as to why Judgement Debtor Paul A. Svensen, Jr. should not be held in contempt of Court for his failure to comply with this Court's July 8, 2015 *Order Granting in Part and Denying in Part Motion for Protective Order* (the "Protective Order") [ECF No. 916], and in support thereof, the Trustee states as follows:

    1.    By this Motion, the Trustee seeks entry of an Order: *(i)* to show cause as to why Mr. Svensen should not be held in contempt of court for failure to obey the directives in this Court's Protective Order; *(ii)* awarding the Trustee reasonable attorney's fees and costs caused by Mr. Svensen' s failure to comply with the Court's Protective Order and incurred in bringing and prosecuting the instant Motion; and *(iii)* compelling Mr. Svensen to immediately produce all of the trust documents without objection as previously directed.

    2.    On September 2, 2014, this Court entered a *Final Judgment against the Svensen Parties for Breach of Settlement Agreement* ("Final Judgment") [ECF No. 633] in favor of the

1

Trustee and against Paul A. Svensen, Jr., JetCard Plus, Inc., and Jet Network FC Holdings, Corp. (collectively, the "Svensen Parties" or "Svensen Defendants"), jointly and severally, in the total aggregate amount of $264,739.66 – representing the amount awarded in the July 1st Preliminary Judgment of $502,571.89 plus the $17,256.92 in attorneys' fees and costs awarded less the setoff for the Svensen direct advances of $255,089.15. [Id.].

3. Soon after the entry of the Final Judgment, the Trustee undertook various efforts in aid of execution, including the taking of the deposition of Mr. Svensen on May 6, 2015. At said deposition, Mr. Svensen revealed the existence of a certain irrevocable trust claimed to have been created for the benefit of his children. After making demand for documents related to the trust, Mr. Svensen filed a Motion for Protective Order. [ECF No. 888]. The Court then conducted a hearing on July 7, 2015 and entered the Protective Order [ECF No. 916]. In its Protective Order, the Court directed Mr. Svensen to "***send a copy of the Trust document, and any written amendments to the Trust document, to Gregory Garno, Esq., the Trustee's attorney***" by no later than July 28, 2015. [Id. (emphasis added)].

4. After the above deadline passed, undersigned counsel followed up with Mr. Svensen by telephone and electronic mail on several occasions about this matter and attempt to resolve it without further Court intervention. Mr. Svensen, however, has failed to produce the trust documents to date in direct violation of the Court's Protective Order.

5. Rule 37(b) Fed. R. Civ. P., made applicable by Rules 7037 and 9014, Fed. R. Bankr. P., provides that the Court may order sanctions if a party fails to comply with an order. Specifically, Rule 37(b)(2) states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (vii) treating as contempt

of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. Pro. 37(b)(2).

6. Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and "*insure the integrity of the discovery process*." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, (11th Cir. 1999) (emphasis added). Due to Mr. Svensen's contumacious conduct, the Trustee is forced to incur unnecessary fees and costs associated with obtaining Mr. Svensen's compliance with the Court's directives in its Protective Order.

**WHEREFORE**, the Trustee seeks the entry of an Order: *(i)* to show cause as to why Mr. Svensen should not be held in contempt of court for failure to obey the directives in this Court's Protective Order; *(ii)* awarding the Trustee reasonable attorney's fees and costs caused by Mr. Svensen's failure to comply with the Court's Protective Order and incurred in the bringing and prosecution of the instant Motion; *(iii)* compelling Mr. Svensen to immediately produce all of the trust documents without objection as previously directed; and *(v)* awarding any other and further relief as the Court deems just and appropriate.

Dated: August 14, 2015

        GENOVESE JOBLOVE & BATTISTA, P.A.
        *Counsel for the Trustee*
        100 S.E. 2nd Street, Suite 4400
        Miami, FL 33131
        Tel: (305) 349-2300
        Fax: (305) 349-2310

        By: /s/ Carlos E. Sardi, Esq.
            Gregory M. Garno, Esq.
            Florida Bar No. 087505
            ggarno@gjb-law.com
            Carlos Sardi, Esq.
            Florida Bar No. 781401
            csardi@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 14th day of August, 2015 via facsimile, CM/ECF, and/or first-class postage-prepaid U.S. Mail to all the following parties below as indicated:

VIA EMAIL AND U.S. MAIL

PAUL A. SVENSEN, Jr.
6505 BLUE LAGOON DRIVE, SUITE 460
MIAMI, FL 33126
Email: paul@jetcardplus.com

JET NETWORK FC HOLDINGS CORP.,
6505 BLUE LAGOON DRIVE, SUITE 460
MIAMI, FL 33126
Email: paul@jetcardplus.com

JETCARD PLUS, INC.
6505 BLUE LAGOON DRIVE, SUITE 460
MIAMI, FL 33126
Email: paul@jetcardplus.com


        /s/ Carlos E. Sardi
        Carlos E. Sardi